## ACTION ON BOND IN FAVOR OF COUNTY.

Circuit Court of Richland County.

STATE, EX REL HUSTON, v. SAMUEL A. ESSWEIN ET AL.

Decided, January, 1908.

*Judgments—For Defendants Should be Affirmed on a Single Valid Defense—Principal and Surety—Pleading—Necessary Averments for Recovery on Bond Running in Favor of County—Section 799.*

1. A judgment for the defendants should be affirmed, if among the defenses which were interposed there was any one which was valid, or if there be any other sufficient reason under the law for sustaining the judgment.

2. Failure to aver, in an action against a contractor and his sureties for damages in failing to complete a contract entered into with the county commissioners, that the contract relied upon was one of binding force and effect, and that the contract was endorsed by the prosecuting attorney in compliance with Section 799, Revised Statutes, and that there has been performance of all other prerequisites necessary to a complete and valid contract, precludes any recovery thereon by the county.

3. Such prerequisites are not for the benefit and protection of the sovereign power alone, but they are of the essence of the contract, which without them becomes null and void.

*Lewis Brucker, G. M. Skiles* and *W. H. Bowers,* for plaintiff in error.

*S. M. Douglass, C. H. Workman, J. J. Adams, G. E. Crane* and *Sater & Seymour,* contra.

TAGGART, J.; DONAHUE, J., and CRAINE, J., concur.

This proceeding [*State of Ohio, for the use and benefit of Richland County, Ohio, by C. H. Huston, Prosecuting Attorney of Richland County, Ohio,* v. *S. A. Esswein, W. H. Shinnick and G. J. Carter*] is prosecuted to reverse the judgment of the court of common pleas. The plaintiff in error was plaintiff in the case below and defendants in error were defendants therein. To the amended petition filed by plaintiff the defendants each filed general demurrers.

In the court of common pleas these general demurrers were overruled, and thereupon defendants filed joint and several answers containing fifteen separate defenses. To each of these defenses except the first the plaintiff filed demurrers, and the demurrers were sustained to each excepting the third and fifth.

The case was heard by the common pleas court, a jury being waived, and a judgment rendered in favor of the defendants. A motion for a new trial was filed, overruled and exceptions taken, and this proceeding is now brought in this court to reverse the judgment of the common pleas court.

We may say at the outset that the judgment of the court of common pleas must be affirmed, if there is a single valid defense made in this case, or if, under the law, there is any other sufficient reason for sustaining the judgment.

The Supreme Court, in *Sites* v. *Haverstock*, 23 Ohio St., 626, thus lays down the rule as to the verdict of a jury:

"Where the jury, by their verdict, 'find the issues joined in the cause' in favor of one of the parties, this is to be taken as a verdict finding each and all of the issues therein for such party.

"In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered, the judgment will not be reversed for error in the instructions of the court relating exclusively to the other."

In *McAllister* v. *Hartzell*, 60 Ohio St., 69, the Supreme Court lays down the rule:

"Where two issues are presented in the pleadings for the determination of the jury, and there is a verdict finding the issues for the defendant, and such finding on either issue entitles him to a general judgment in his favor, and a judgment is rendered on the verdict, such judgment will not be reversed for error in the instructions of the court to the jury relating exclusively to one of the issues."

The Supreme Court, in the recent case of *State* v. *Dickerson*, 77 Ohio St., 34, held that the reviewing court was entitled to look into the record and, if the judgment which was in review was right for any reason, it was the duty of the reviewing court to affirm the same.

The amended petition that was filed in the court below was based upon a bond which the defendants, Williams and Beaver, as principals, and Esswein, Shinnick and Carter, as sureties, had executed and delivered to the board of county commissioners of Richland county, in the sum of $15,000.

The condition of the bond was that—

"F. H. Williams and H. H. Beaver have this day submitted to the board of county commissioners a proposal for labor and materials for remodeling the court house at Mansfield, Ohio, as set forth in the proposals hereunto attached. Now, should the said F. H. Williams and H. H. Beaver, within ten days after receiving notice to that effect, enter into a contract to complete said work, and after entering into a contract faithfully to carry out all the conditions, implied and stated, in said contract, a full understanding of which is hereby acknowledged, and leave the building and premises free from all liens and claims whatsoever, chargeable to said county commissioners, then this obligation to be void and of no effect; otherwise to remain in full force and virtue in law."

The petition proceeds, after giving a copy of the bond and reciting its conditions, and says that the board of county commissioners heretofore accepted the proposal of Williams and Beaver and entered into a contract in writing with the said Williams and Beaver to remodel the court house of Richland county. The petition further avers that Williams and Beaver failed, neglected and refused to complete the remodeling of the court house, according to the terms of said contract, wholly abandoning said contract and refusing to complete the same. They further allege that the commissioners of Richland county complied with all the terms of their contract on their part to be performed.

It will be noted that, by the averments of this petition, the plaintiff does not allege that Williams and Beaver entered into "a valid or binding contract," that they entered into "a contract agreeable to the statute in such cases made and provided," that they entered into "a contract according to law," or that they "duly entered into a contract." So that there is a total lack of averments in this petition that the "contract," which was so

claimed to have been entered into between Williams and Beaver and the commissioners was of any binding force and effect whatever.

The Supreme Court, in *Wellston* v. *Morgan*, 65 Ohio St., 219, thus states the rule:

"To state a good cause of action against a municipality in matters *ex contractu* the petition must declare upon a contract, agreement, obligation or appropriation made and entered into according to statute."

So that, at the outset of this case, so far as there is any averment in this petition, it totally fails to state that the "contract," or alleged contract, that it is claimed was entered into between the commissioners and Williams and Beaver, was of legal and binding effect.

We are also of the opinion that it would be necessary for the plaintiff in this case to set forth the facts showing a compliance with the statute, such as is required by Section 799, Revised Statutes, alleging the endorsement by the prosecuting attorney and all the other pre-requisites to a complete and valid contract.

It is elementary, and as Judge Davis states the rule in *State* v. *Griffith*, 74 Ohio St., 80, 92, "There is no proposition of law more firmly settled in this state than that sureties are not liable beyond the letter of their contract." These sureties, defendants in this case, could not be bound beyond the strict letter of their contract. Their obligation was that, if said Williams and Beaver, after entering into the contract, would faithfully fulfill and carry out all the conditions stated in the contract, then the obligation was to be void and of no effect; otherwise to remain in full force and virtue in law. We are clearly of the opinion that this presupposed an entry into, on the part of the principals, of a valid, legal and binding contract:

But it appears from the petition itself, and also from the record in the case, that Williams and Beaver either wholly abandoned or failed to complete their contract according to the terms of the contract that they had entered into. The contract which it is claimed they had entered into with the commissioners provided that, after a certain certificate was made by the architect

and after written notice given to the contractors, the commissioners were at liberty to enter upon the premises and complete the same. And the petition avers that said certificate was furnished and the county commissioners proceeded, under the terms and provisions of said contract and in accordance with the specifications and supplemental specifications, details and plans, and with due diligence, to complete said uncompleted contract for the remodeling of the said court house. And then the petition closes with the averment that they have completed the uncompleted contract in so far as they had power to do so and have paid for the completion of the work.

Section 799, Revised Statutes, provides, in respect to public buildings and bridges, in contracts of this character—

"If such contractor or contractors fail or refuse to proceed with the work specified in his or their contract or contracts, * * * the commissioners shall have power to declare such contract or contracts annulled, and shall proceed to make another contract or contracts for the completion of such work, in accordance with the provisions of this chapter."

Now, the provisions of this chapter provide that there shall be competitive bidding in all cases where the amount is over $1,000. It is unnecessary to quote at length the statutes governing this provision.

As we have called attention, this petition affirmatively states that they proceeded to complete the uncompleted contract in so far as they had power to do so, but there is not a single averment that they attempted to comply with the law in a single respect, so far as letting the contract by bids, having the subsequent contracts endorsed by the prosecuting attorney, or having the certificate of the auditor that the money was in the treasury therefor. It does appear in the record in this case that they did attempt to let the contract by competitive bidding and that one Whissler made a bid which was, as shown by the record, above the amount the auditor certified was in the fund to the credit of the building fund for that purpose. The record shows that they rejected the bid on the ground that it was illegal to accept the same, and then, in total disregard of the law, as we find in the

record, they entered into separate contracts, without any competitive bidding, without having the contracts endorsed by the prosecuting attorney, or without, it seems to us, complying with any of the provisions which are provided for the safeguarding of the public funds. So that, so far as the sureties are concerned, this petition is fatally defective; and, so far as the record goes, we think it shows affirmatively that, at the time of the default of the principals, Williams and Beaver, the county commissioners wholly failed to observe the law in respect to buildings of this kind.

In respect to the principals, Williams and Beaver, if no valid contract was entered into between them and the commissioners, they could not be held to complete the contract, and there would be no default on their part if, before its completion, they had abandoned, failed or refused to complete the same. If the parties to this contract were bound to complete said contract, it would present the anomalous position that they could be compelled to give their time, labor and effort to supply the county with a re-modeled court house, and the commissioners at the end refuse to pay, or a tax-payer enjoin the payments, and these parties be without remedy.

But it is urged on our attention and claimed earnestly in argument that these provisions are for the benefit of the sovereign power, and that the parties to the contract can not take advantage of the failure to comply with the law. For the failure to have a contract endorsed by the prosecuting attorney, the statute says that the contract shall be null and void, and for failure to comply with the other provisions, certifying the money, etc., the statutes provide it shall be null and void, and you can not add to, or take from, the clear and expressive language of the statute.

If anything were needed to interpret the meaning of these words, we call attention to a case in *Buchanan Bridge Co.* v. *Campbell*, 60 Ohio St., 407, 425, where the court, speaking through Judge Burket, uses the following language:

"No notice of the proposed letting was published; no record of the contract was entered in the minutes of the commissioners by the auditor; no plans or specifications were ever made, ap-

proved or deposited with the auditor; no contract was ever submitted by the commissioners to the prosecuting attorney for his approval, and none was ever approved by him.

"These omissions are fatal to the validity of the contract, and, by force of the above cited sections of the statute, the contract is totally void and imposes no obligation on either party to it.

"The statutes are notice to the world as to the extent of the powers of the commissioners, and the bridge company is bound by that notice. It knew, or was bound to know, that the commissioners had no power to thus enter into a contract, and that a contract thus attempted to be entered into would be null and void, and would not bind either party."

As we view it there was no valid contract between the commissioners and Williams and Beaver and none is alleged in this petition and, therefore, there could be no recovery.

Upon the issues made by the answer in this action, we think that the judgment of the court upon the third and fifth defenses was sustained by the proof in this case, and the judgment of the court of common pleas was right and is affirmed. Exceptions will be noted and the cause will be remanded to the court of common pleas for execution.